Case number 19-3058 et al. United States of America v. Antone White, also known as Tone Appellant. Mr. Kramer for the Appellant, Ms. Gabriel for the Appellee. Good morning, Your Honors, and may it please the Court. Since the briefs were filed, the government's 28-J letter of October 5th, 2020, has considerably narrowed the issues before the Court. As far as I can tell, and obviously I don't speak for the government, but at this point, it appears that the defense and the government agree with the District Court that these were covered offenses, that there's an eligibility for sentence reduction. It appears that the government agrees with the defense that we both disagree with the District Judge about the District Judge's test about availability of relief, and the government agrees with us that that's not a proper test under the Fair Sentence, I'm sorry, the First Step Act, and so that the only issue I think that's before the Court is the District Court's indication that in its discretion, it would deny the motion under the First Step Act. So I think that's, unless the Court has questions about, and I recognize that the briefs, the majority of the briefs are devoted to the issues that now appear to, there appear to be agreement between the parties, and unless the Court has questions about that, I intend to just focus on the discretionary. I don't think we do. I think you should go right on to the discussion. Gee, I hate to contradict the boss here. Oh, that's okay. You used to be the boss. Old habits, I guess. Okay. I do for two reasons. One, we have two very good advocates here, and I'd like to understand the First Step Act a little better, but the second point is, what do we do with the fact that two of you agree with something that the District Court doesn't agree with if we don't hold the District Court was wrong? So if we were to remand it to the District Court and not hold the Court was wrong, simply that each of you would like to go forward, is that enough, or could the District Court, so maybe I should start with that question, or could the District Court said, well, that's all well and good, but that's not my view of the law? No, I, well, I mean, you could remand it to the District Court. I think it should be remanded, obviously, on the discretion issue, but it could, I think the District Court could say the same thing again, which is I don't think it's available, but if I exercise discretion, this is what I would do, and I think that's our argument that that has to be a fuller. I thought, wait, I thought you were, I thought you were, I'm sorry, I thought you were advancing the claim that the District Court was wrong on the test of availability. Yes, oh, I think, and the fact that the government now agrees with you doesn't change your view that you are bringing an appeal in which you are saying the District Court was wrong. Government counsel now says, well, we don't disagree with that, so you would want us to say, I assume, in an opinion, the District Court's wrong. So when it goes back, the District Court has no discretion with respect to that determination anymore if we agree with you. Yeah, that's the question I have. No, I think that, I think that's right, and I think it's actually- Why would you even hesitate over that? I'm confused. Well, I mean, you could, the only hesitation I have- If we agree with you- Yes. It seems to me straightforward that we would say, in an opinion, that here's the issue that was raised by the appellant. District Court went the other way. They're challenging it. We agree with appellant, and incidentally, the government agrees too. District Court's wrong, and on remand, that's off the table. No, I agree with that. I don't know why I hesitated, only in the sense that you could just remand it to the District Court and say exercise for more fulsome discussion of the discretion issue, but I think you're right, Judge Edwards, and I think that the simple answer to it is that the First Step Act has nothing about this availability issue that the District Court superimposed on the statute, and the government agrees, as I said, that it's only the amounts of drugs either found, in this case, because it went to trial, found by the jury. In a case of a plea, it would be- Found by the jury or conceded. But in this case, because it went to trial, it was not conceded, right? The jury clearly found only on the one count of either of those, that it was more than five grams, and that penalty has been changed, obviously. Okay. So then if we do need to discuss this availability argument, which is the 404B argument, let me just ask you a couple of questions about it. Yes. So what do you understand the words to mean as if sections two and three of the Fair Sentencing Act were in effect at the time? What do you understand? Nothing more than that, frankly, just as if they were in effect. It doesn't say anything about- What does it mean? What does it mean as if they were in effect? All I can say is, to me, it means just what it says. There's nothing that says that if you decide that the guidelines would be the same, that you can't impose a reduced sentence. Modifies the wrong word, impose a reduced sentence. It means just what it says, if they were in effect. It doesn't say anything about there has to be a lower guideline range, a lower statutory range. That's in 404A. So- The judge considers whether they were in effect as if they were in effect. Do you think that that means that the- I understood from your brief that you understood the judge may consider the judge found amounts in making the determination, including for the statutory range. Is that right? No. What did you say? So perhaps either I'm not understanding the brief or the brief is less clear than it might have been. I'm sure it's the former, AJ, don't worry. I'm sure it's the latter. So at page 28 of the brief, I'm not trying to trip you up here. I'm just trying to figure out what you mean here. It says, of course, in exercising its discretion, a judge may take stock of several considerations, including the judge found amount of crack in the conspiracy. I'm sorry. I'm sorry. So what do you mean by that? That's the stage we're at in this appeal, which is the discretionary stage. In deciding whether to actually impose a reduced sentence, the judge can consider that amount. That's not an amount the judge can consider. That's it. It says in exercising its discretion at this discretionary phase. I understand that. But if the judge uses the judge found amount to determine in the discretionary stage and looks at the statutory penalty, that's a different question, obviously, than if the judge uses the jury found amount and looks at the statutory penalty. In the discretionary phase, right? So if the judge looked at the jury found amount only in the sentencing phase, the judge would see that your defendants have already served more than the statutory penalty, which is 20 years. They served 27 years. Yes. If the judge looked at the judge found amount, it would find, the judge would find, I don't, I think, probably the same statutory penalty, a max I'm talking about, same statutory max, right? In the judge found amounts. Yeah. So are you saying that they can use either one in the discretionary? Leave aside the argument about availability. That's not necessarily what I'm talking about here. I'm with you on the question of discretionary, and I'm trying to figure out what is a judge supposed to do in the discretionary phase. And at some parts of your brief, you say, what I just said, you say the same thing on page 45 or something like it. I'm going to just find it. So maybe you can help both of us. I'm sorry, which page? That one was page 28. No, no, right. The other is page 45. And that says, appellants do not seek to reopen factual disputes. In fact, they accept the judge found quantity determinations for purposes of their guidelines calculation. Right. So are you saying that the judge, so maybe you don't see my, understand my confusion, but I am a little confused. At the same time, you say that apprendi requires that the post FSA range cannot be based on judge found. So what is it? So I'm the judge and I, and the judge found is based on the judge found. And the DC circuit has sent it back and I know I can have my discretion. And the judge asks, well, can I use the jury must can, or must I use the jury found? If I must use the jury found, then I got to release, I should release these people immediately, not just reduce because it's above their sentencing statutory max. If I look, look at the judge found one, then, and I decide, decide to stay the same, then I don't reduce. So. No, it's, it's just when you say must reduce, we can see that it's discretionary. In the judge, as, as part of that, the judge can consider the amount and what guideline range would be, but it's not a, it's not a disqualifying as judge, as I understand, it's not disqualifying. I understand that. And I understand the government agrees with that. And I'm just trying to figure out what is the judge supposed to do on remand? You're saying the judge can look at either judge or jury found either one. Both, I think. I mean, one argument is since, since these two men were sentenced, there's been the apprendee decision and the booker and the guidelines or advisory, but we don't, we didn't challenge the judge found amounts, but they don't affect, they only, they, they, they're part of the equation for the judge to I understand, but the judge, if, if the judge says, okay, look, I think I should look at the judge found amounts. I looked at the judge found amounts sentences still within a statutory range and still within the guidelines. So I'm going to stop here. I don't find any of the other considerations terribly relevant. That's one judge could do that. Another judge could say, I'm going to look at the jury found amounts and my God, this is above the statutory limit and above the guidelines. So, you know, I I'm a statutory guidelines person and I'm going to follow those. And therefore I'm going to give a, you know, I don't know, release immediately or whatever. Are both judges acting reasonably within discretion then? I think so. As long as they take into account all the 35, I appreciate the other, I'm only just for the moment on quantity. Yeah. Yes. I believe that's correct. They can consider what the jury found. They can consider what the judge found, but it's, it's not binding on anybody. It's not a must. They could consider it. They don't have to, they can consider any factor they want under the 35, 3553A factors. So yes, I would say both judges, as long as they did a fulsome consideration of the factors would be, that would be proper. So the, as if the, the, as if part doesn't mean that in the discretionary decision-making the judge is supposed to think about as if Apprendi applied or as if Apprendi didn't apply at the time. That is, it doesn't have to, that's, it's within the judge's discretion. Right. I think one factor obviously is that since these two men are sentenced, that the guidelines have become advisory only. The judge should consider that, it seems to me. Must they consider it? I'm not, I don't think I would go that far, but it's certainly a factor that they should consider and was raised before the district court here. All right. I'm sorry to have taken you away from your discretionary factors argument. Okay. I will, I will just say they, the, that for these two young men, I think their tragic childhood, Mr. White was born, his mother was 15 years old. The facts are set out in the briefs. I'm just going to highlight a but the, his mother was a drug addict in jail. His father was in jail. For Mr. Hicks, his parents drove away when he was five years old and he never saw them again and never knew what happened to them. They were raised in a neighborhood, which at the time was rife with drug dealing. They were, at the time they were sentenced, they were 20 and 23 years old. They have spent far more than half their lives in jail. They've spent 27 years in jail. The letters that were sent in their support at the appendix for Mr. White, 388 to 418, and for Mr. Hicks, 619 to 636 are incredible. The way they have mentored, the way they've rehabilitated themselves. Is your principal argument, I'm sorry to interrupt. Is your argument that the district courts simply did not account for any of them? Yes. The discretionary discussion in the district courts at 61 page opinion was about a page and a half or two pages at the very end of the opinion, which all it did was recite the facts of the offense and said nothing else, said nothing about their ages. And of course the Supreme Court, they started in this when they were juveniles and the Supreme Court has recognized recently how the young mind is unformed. So your principal claim is the court could consider and did not reasonably consider the mitigating factors. And let me ask you with respect to one, because I think the two sides are going past each other on the obstruction. The government is pointing to something that I don't think you're claiming. I think you're claiming that the district court in considering that obstruction suggested that Hicks himself was involved in the murder as opposed to what the transcript says that is he clearly was trying to affect that proceeding, but he himself was not involved in the murder. And so you're both talking about entirely different things. But in any event, the question I have just out of curiosity to satisfy myself, the Supreme Court now seems a thing to make it clear. You're claiming clearly erroneous. The government's claiming plain error with respect to something you're not claiming. You're claiming clear error on the obstruction with respect to what the district said. And I'm assuming you're assuming that it was preserved. That is that it was raised with the district court and responded to by the, I just looked back at the transcript, but I want to make sure I understand both sides. The government's talking about something you're not talking about. So I'm not talking about that. But with respect to what you are arguing, I think it was. And is that where you think the preservation requirement is met? The Supreme Court now seems to say, even with factual, alleged factual errors, and you're saying this is a factual error on the part of the district court, assume something about his participation in murder that was not correct. And that you're arguing that that influenced the district court, right? So I'm a little, the district court now said, the opinion said he was involved in a murder. Yes. But the original sentencing judge did not. Did not. I understand. So, but there's no, there was no hearing on this motion. It was all done on the papers. No, no, I understand. But you're claiming it was clear error. Yes. Okay. By reference to what there's a transcript colloquy. Is that what you're with where it was raised with the district court judge and the district court judge. So this record judge knew you were not raising the claim that the government thinks you were raising, which they say falls within plain error land. You were saying the district court to the district court, he wasn't involved in the, this is not about him and murder. It's about him and trying to influence that proceeding, right? Yes. All right. You're saying that you're raising that with the district court, preserve the question and the district court then got it wrong in its assumption. Well, what, what, yes. And then the district court in its decision said that Mr. Hicks was obstructing because of his involvement. And that was the end of the, there was no, I'm only asking about the preservation. I understand what you're claiming is the error because I've been a little bit confused. Just Sylvan and I a long time ago said that the clearly erroneous rule from the civil side controls and no preservation is required. Supreme court and Davis now seems to put that completely to rest. There is a preservation requirement with respect to alleged factual errors. I just want to make sure because the government's not joining you in this discussion. You're claiming it's a clearly erroneous test and it was clearly erroneous as if to say you did preserve it. Yes. And you're claiming you raise it with the district court. The district court then went on and made a determination that was wrong. And that's all you have to do. Yes. Okay. Yes. Oh, could I, could I follow up on that? I'm just, uh, I think if the district court, uh, you know, uh, relies on a fact that is not true, it has to be remanded. So I care less about this standard of review question maybe than judge Edwards does at this moment, but I'm not sure about the answer to his question. So you raised in your sentencing memorandum, the points about rehabilitation, childhood, et cetera. Correct. Okay. Yes. Then the district court, uh, said erroneously in your view, in the opinion, because there was no hearing, no elocution, nothing said that your client Hicks, uh, that the obstruction involved his participation in the murder. Right. Right. I think his, yes. No, not just his involvement. Participation was the word used. Yes. Something like that. And then you did not have an opportunity to respond after that is there was no opportunity for you to correct the record by saying, unless you filed a motion to reconsider or something. Right. Right. I think we pointed it out in our papers, actually, that papers at the, before he, before the judge's ruling. Yes. And the reply brief that there was, there was that the priest, I think it was in your reply brief to the district court. Yes. Yes. What was a reply brief after, and this is in response to the motion. Yes. Then we, they argued that it was about his involvement in murder. I see. Okay. Right. It was not. Okay. So then you, you joined that issue and disagreed in your reply papers with respect to the sentencing. Okay. Great. All right. I understand. So I'll just, I know, um, I just want to say that there was that both the, their age at the time, their circumstances, the incredible letters about their rehabilitation and their, um, mentoring of people in prison, their support from their families and friends, uh, job offers if they were released from prison for whatever reason. I mean, there is no indication that district judge considered any of that. Mr. Kramer, let me ask you one other question. What do you understand the district court did in its alternative holding? Did it use judge made findings, jury made findings of quantity, uh, neither one, both did the judge given, given what the judge had previously said, did the judge understand what you believe to be the law? I take it. I S I think the government also now believes that the judge could have used the jury, uh, found quantities. Um, the district court, right. Said, um, no, it was all the judge found quantities. So when they said in the alternative, when, when the district court says in the alternative, which I take it to be some kind of even if argument, even if what that is, when the, when the district court ultimately applies discretion, I don't see any indication one way or the other about whether that included an acknowledgement of being able to use jury found findings. Well, I think the judge rejected any, um, well idea about the jury findings at the availability stage, um, that they, yes. But then when, when the judge moved on to, okay, I'm going to give an alternative holding here essentially. Right. Right. Well, the court has said that Elaine and Apprendi don't apply this proceeding. So clearly, um, the judge was using the judge made facts. Found facts. Um, so is part of your argument for a remand, not only the argument that you were making a moment ago, but also that the district court didn't understand that it could have relied on the jury found quantity for purposes of sentencing range and guidelines. Absolutely. I mean, she had, she had sort of predominated that fact by finding that at the availability stage, so that it was essentially irrelevant at the discretionary state. Um, so, um, yes, absolutely. That's an argument that one of the things that I said earlier that it's, it changed now to the, uh, advisory guidelines and that jury findings, um, set the statutory range would set the range now. So that was, she didn't, he didn't, Mr. Graham, she didn't say that. You're assuming that because she took it off the table at the availability stage, that when she said, uh, in the alternative, I would do X that, that, that that was, that, that she must've assumed that, uh, that she couldn't rely just on jury quantity. Right. She didn't say one way or the other. You're absolutely right. Yeah. Okay. But that's why you remanded on this issue because we don't know the answer to that question. Correct. Yes. Yes. I think that's the point of the whole remand, all of these, that was one issue. We argued that she should consider that the, um, okay. The whole sentencing structure had changed along with all these mitigating facts and none of them are mentioned in the discretionary state. I think Judge Garland or Judge Edwards, do either of you have any more questions? No, no, no. Thank you. We'll hear from the government and I'll give you a couple of minutes for rebuttal. Thank you, Your Honor. Okay. Good morning. Can you hear me now? Okay. Good morning. It's not like a commercial. May it please the court, Elizabeth Gabriel on behalf of the United States. Um, I, I do think as Mr. Kramer pointed out that we are in agreement on a lot of issues in this appeal and that, um, the court need not decide some of the more difficult, um, section 404 issues because it can uphold, uh, the district court's judgment on the discretionary ruling. Um, I'm happy to, um, clear up what the government's position is if there's confusion on that, um, and to discuss further what we think, um, the mechanics of a section 404 proceeding should be, um, if the court would like me to address that. Otherwise, I'll just talk about the discretionary ruling. I think we're back in the same, uh, posture that, uh, Mr. Kramer began and that we wouldn't let him stick to. So I'm gonna have to ask you to do the, do the same. Sure. Tell us again, tell us exactly what is the government's position now. The government's position now is that, um, because appellants, uh, offenses were violations of, uh, section 841 B1A, uh, 3 and B1B3, that those, um, offenses are, are covered offenses for purposes of section 404 and that they were eligible for consideration, uh, for a sentence reduction. Now we agree with appellant that, uh, the district court should not have considered, uh, the judge found quantities in determining what the statutory range, uh, would have been if sections two and three of the fair sentencing act were in effect, um, in, in terms of the 404B analysis. Um, so at that, at that phase, um, we think that the judge should only, uh, look at the, uh, jury found or admit or admitted quantities. But we agree with appellant that when it comes to deciding whether to impose a reduced sentence, um, in considering all of the 3553A factors, the court can and should consider, uh, the totality of the conduct, including all of the, um, the, the total amount of drugs, uh, whether found by the jury or not. Um, and so at that point, the total quantity would come into consideration. So, um, this, this, this statement, um, in your letter, I'm just gonna try to pull it up here for one second, which says the position of the department of justice is that section 404B contemplates determination of the statutory penalty range based on the quantity of crack cocaine reflected in the jury verdict or admitted by the defendant at a guilty plea. You mean that only with respect to the, this argument about availability and not with respect to the, to the way in which the judge acts in the judge's discretion. Exactly. So when, once a defendant is deemed eligible because he has committed a covered offense, the district court has to figure out how sections, uh, two and three of the fair sentencing act would have affected his sentence. In other words, what the statutory range, um, would have been had that had the fair sentencing act been in effect, um, in reaching that, um, uh, that determination, that question, the court looks not at, um, judge found quantities, but only at a jury found or, or admitted quantities. Um, so, so we think that the courts, so the judge found quantity should not be relied upon in determining, determining the applicable statutory range. Um, but then once that is set, um, the court has to decide in its discretion, whether a reduction is warranted. Well, can I have the same confusion? I'm afraid I had with Mr. Kramer. So if you have to use the jury found, um, quantities in determining the sentencing range, when you go to discretion, we're above the jury found, we're above the sentencing range now under the jury found, um, quantities. So what, what is the district court supposed to do at that point? That would seem like the district court, yes, has discretion, but should realize that the person has served longer than the statutory range. And, and which case maybe it would be an abuse of discretion not to release the person. Why is that wrong? Well, I think simply because the, um, the total quantity would, um, elevate the guidelines range, for example, above the new statutory range, um, doesn't mean that a court abuses its discretion if it decides not to grant the reduction. Um, I, again, at that, once the, the court. Wait, when you say reduction, reduction from what? Because the statutory range is below the guideline range. Right. A reduction from the sentence that was originally imposed. Um, so because at the, ultimately the court has to consider the totality of the circumstances, all of the factors under 3553, um, the court can weigh those factors differently. It may decide that, well, the, you know, the total quantity of drugs doesn't, um, outweigh other considerations, or as in this case, the court concluded that the nature and circumstances of the offense, um, do outweigh other considerations. And so in, in the court's judge Garland, you're essentially hypothesizing district court judge looks at it case and said, these folks under the statutory range should be released. But I now I'm going to exercise discretion to increase what appears to be the statutory range. And the reason I'm doing it is, is that what you're saying? In other words, he's so it's not a matter of whether it's being reduced. What you're positing is the judge wants to exercise discretion to reach this result to see whether the sentence should be increased above the statutory range. Um, well, we wouldn't look at it that way. But I mean, as a, as a real life matter, that's what you this really is a little bit more complexing than I realized. That's essentially what you're saying. If we look at it as of assuming the statute was in place. And you're agreeing that statutory rate, you have to take what the jury found statutory range now is exceeded. They've done their time. So the question before the district court now is do I enhance and if so, why? And the other sides are arguing, not only don't we think you should enhance, we think there were reasons to go lower. So wait, what was the, how, how are we resolving this mismatch? Well, I think that, um, the critical factor here is that under section 404, um, any, any, any reduction is, is discretionary defendants are not entitled. I really am sorry to interrupt, but I got to make sure I'm following when you say any reduction. Remember, I'm having trouble with the word reduction now. Oh, can I, let me see if I can help for a minute. I understand you Gabriel to be referring to as 404 C, which says nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section. Yes. So the reduce you're talking about is to reduce from the original from the original. Yes. Okay. Yes. I'm sorry if that was unclear. Okay. No, I want to make sure I want them. I remembered C, but I want to make sure that's what you were talking about. Okay. I'm sorry for interrupting. Yeah. And, um, and the way I conceptually think about this is sort of in a two-step process. Um, but it ultimately is a discretionary decision. Um, and because to reduce from the original from the original, exactly. Because defendants are not entitled to reductions under the fair of the first step act, um, the court has considerable discretion to consider the nature and circumstances of their offense. And, and does the, does the court have the, so as I understood Mr. Kramer's position, the judge has discretion to either look at judge found quantities or jury found quantities or both. You agree with that as well? In what once the statutory range is determined? Yes. I think that's correct. Yeah. I think that's correct. We would, of course the government would argue that, um, the judge should look at the full range of conduct. Right. Right. But do we know whether the district court in this case, um, knew that it had that ability because, uh, you know, given the shifting views of the, I'm not blaming the government about this, but given the, you know, the changing views and, and the judges sort of first two steps of the analysis, uh, this is really the question I put Mr. Kramer before, do we need to remand at least leaving aside Mr. Kramer's other arguments, which you'll get a chance to respond to in a, in a second, but sorry, Mr. Kramer, but it's really good on zoom. I can see your facial expressions perfectly. Um, um, is it, and I think as judge Tatel put it, we, it's pretty hard to know what the district court thought because that at that point of the district court's opinion, it's only about the exercise of discretion. There's no discussion of quantity. Right. Well, I think that, um, the court's opinion is, um, very detailed, obviously, and very lengthy and well-reasoned and the court starts out, but it's Gabriel, not on this issue. Well, well, I do want to just explain why I think a remand isn't necessary. The court starts out, um, her, uh, written decision by discussing the views of appellants and recognizes that appellants consider, uh, their new statutory range to be, uh, zero to 20. Um, and that's how the court sort of frames the discussion. Now, chief judge Howell goes on to explain why she disagrees with appellants view. But then when she reaches the, I'm sorry, go ahead, take this into account and answer to the question. My two colleagues raised them. This record judge references the quantity in the discretionary portion of the opinion. She's referencing only the judge found quantity only. So my assumption was she is not assuming, uh, that the jury is the jury found is in play at all. There's nothing to indicate that she either bought it or realized it at all. The only thing she references in the discretionary part is the judge found quantities, right? That's correct. But I do want to explain why I think she, um, why I think she considered the other, the appellant's position because she then, when she, once she, um, goes through what section 404 means and how it should be applied, she then says, well, even if I'm wrong, essentially, even if appellants are, um, entitled to, uh, relief here, even if relief is available, um, and implicit in that assumption is that, you know, even if I'm wrong about Apprendi and Elaine, um, that I still would not grant a reduction. So I think that, you know, what I read her to on that point, the, even if I thought she was saying doesn't matter because they're not going to do any better and they're not going to do any better because she's assuming the judge made quantities control. I thought the thrust of her opinion, you know, what's waste time on discretion. They're not going to do any better because when I look at the judge made quantities, they're in the same place. That's the way I read her opinion. I did not see anything to suggest that she understood they would be better off if they, she used the jury determination and she was rejecting that too. Well, the way that I understood it, your honor was that she, in that, you know, her, her, even if, even assuming, um, language is a reference to, even if I'm, even assuming that I was wrong in how to calculate the statutory range, I still, and in other words, even if are entitled to consideration for a zero to 20 sentence, I still considering the 3553 a factors would not grant a reduction. So yes, she refers to the judge found quantity in that section, but only as part of her 3553 a analysis. But you agree that the reading that I'm suggesting is as plausible as your reading of the district court, right? Cause she's only referring to the we're really not sure. Well, I agree with you that she only refers to the judge found quantity, but I don't think that it means that she misunderstood, um, her discretion. We don't even have to go that far. If the appellate court really is not sure what the district court judge, I don't have to go further than that. If I can honestly say the view you're propounding, I get it. But the view that's in my head, I get to, and I don't know which way to come out. If I'm confused, where does it go? It goes back. I understand. I understand your honor's point. And again, the government's position is that we don't think that there's a lack of clarity in the decision, but I do understand the point you're making. Okay. I can turn to the, to the, uh, I would, I would like to comment on the obstruction issue. Um, if the court would permit me, um, before you do that, Miss Gabriel, let me just ask you, my internet was breaking up when you were responding to judge Edwards question about, where he said, um, look, if I can't tell what she did, it has to go back. I heard you say, I understand, but did you go further and say, did you say what you think about that? Well, why isn't he right about that? I don't, the government doesn't believe that there's a lack of clarity in the court's opinion. I know that, but if the court thinks, if the court thinks there's a lack of clarity, isn't judge Edwards right about that? I suppose that I suppose if the court thinks that the district court could not have properly exercised its discretion because it didn't understand, um, the mechanics of section 404, uh, uh, uh, um, uh, resentencing or reduction of sentence, then yes, the court would, would, a remand would be appropriate, um, to set the record straight. And we don't, I just want to be, I just want to be really clear about that. We don't have to conclude that she misunderstood. All we have to conclude, uh, I hear you agreeing with judge is that we can't tell one way or the other. I understand your position is that it is clear, but you know, you're a good lawyer. You're arguing your case, but if we think that that's, if we read it and think there is uncertainty, then you agree, it does have to go back. And that to do that, we don't have to find that the district court misunderstood this, right. It just uncertain. Right. I think, I think that's correct. If that's very helpful, why don't you go on to the other issues now? Okay. Um, uh, just quickly on the obstruction issue. Um, I, I did not read, um, appellant's reply brief as, um, addressing, um, whether this, this issue of, um, of whether the grand jury was clear what, um, murder was at issue. Um, but the PSR indicated that the grand jury, um, that the witness who Mr. Hicks bribed, uh, was investigating, uh, white and Hicks, uh, for a murder. Um, and so I think the district court was entitled to rely on that, uh, representation. And I don't think that it was preserved in this section 404 proceeding. Once the district court ruled, I think it was incumbent upon appellants to raise an objection, either through a motion to reconsider a motion to correct, um, in some form or fashion, you haven't raised that. Well, we argue that plain error applies because plain error applies with, with some, with respect to something they're not asserting. And they may be clear. They're not, they're not asserting what you're claiming. They are district court misunderstood in characterizing the obstruction charge, uh, misunderstood in the sense of district court assumed that this was about a murder that Hicks was involved in, not a murder investigation, or that he did something bad in connection with a murder investigation. Right. It was as if to suggest that Hicks himself was the subject and they're saying that's not correct. And the district court shouldn't have assumed that. And that would have affected the district court's thinking if they, she really assumed that that's what was going on. Right. But I think that that, that claimed factual error, which is underlying the, the, the district court's decision is a claim that should have been brought up. Oh, I saw it in the transcript. And I mean, I'll, I will certainly go back, but just so you understand what I'm assuming in that colloquy with the district court, I thought that the, Wait, I'm sorry, Judge Edgers, I don't have a transcript. What colloquy? I can't find the page. I don't think there was a, there was no transcript in the 404. I'll have to look for the citation and I'll tell you what I'm talking about. Okay. Okay. Either counsel, was there a, there was no oral discussion. There was before Judge Green, but not, but not in this case. Right. And I think that even if this, I know that at the sentencing hearing, appellants, Mr. Hicks's counsel, you know, made a statement, a general statement that he wasn't involved in any murders. I don't think that that preserves a claim in this section 404 proceeding. However, what about the district court's opinion in the 1993 opinion in which the court says, this is in trying to discuss the unavailability problem with respect to hearsay that as to Hicks, you can't use the hearsay because he wasn't involved in causing the unavailability, namely the murder. Isn't that a finding by the district court that, which is the, that is by Judge Green opposite to the decision in this case, which says that they were Right. Right. And I think that the distinction is that that statement refers to is a general statement about his involvement, actual involvement in the murder. But what's at issue here is whether the district court erred in finding that the grand jury was investigating him for his involvement in murder. And we don't I think that's where you're misjoined. That's, I didn't read them to me making that argument, but in any event, okay, I'm trying to find the pages. Okay, I as I understand it, they object to the district court's ruling in this case, because the district court's finding as to obstruction his obstructive behavior was based on the assumption that he had bribed or on the finding that he had bribed a witness who went to the grand jury. And this is what the district court's written opinion states I'm withholding information from the grand jury that was investigating him for murder. So the critical question here is, as I understand appellant Hicks to frame it is whether the grand jury was investigating him for murder. And I don't think that anything in the proceedings in 1993 or in the section 404 proceedings. I'm preserves their objection to that factual finding here. Again, this distinction. I'd like to make is we're looking at what was the subject of the grand jury investigation. In any event, we don't think it matters because ultimately the district court was relying on his obstructive conduct and and appellant doesn't appellant Hicks doesn't dispute that he in fact bribed a witness who was going to the grand jury. And that's really what was the critical conduct that the district court in this proceeding relied on in finding that a reduction in sentence was not warranted. Miss Gabriel, if we think going back to the first question, if we think that there is uncertainty about the question of whether the district judge, if we think there's had to rely just on jury found. Do we have to address this issue for Hicks doesn't just go back on that too for him. I think that's true. Yes. Okay. Thank you. Okay, if the court has no further questions. I don't have any. Yeah, the only thing I just want to make sure just as I did with Mr. Kramer that I understand the government's position in some and that is that the violations here are covered. That the 404 be discretionary reduction is available. And in that discretionary decision making the judge can use either judge found or jury found amounts. Um, although, of course, you would argue that she should use the jury found, but in terms of permissibility, it would be permissible to use either one. Is that right? Yes, just with just to clarify, that's after the statutory sentencing ranges determined under the Fair Sentencing Act. So does it doesn't have to be determined, or that is a judge have to announce this is the new statutory range or is it just a question of whether the act applies? I don't know where it's required to actually have the judge make some determination. Well, 404 be requires the court to figure out how the Fair Sentencing Act would have affected the sentence that the term as if you know this phrase as if sections two and three of the Fair requires the district court to figure out what that effect would have been. And so because a court can't impose a reduced sentence unless it unless it makes that determination. Otherwise, any reduction would not be as if sections. So then your view is that in making that as if determination, the judge has to use the jury found to determine the range. And then thereafter can use either one in its discretion. Yes, got it. Okay. Okay, thank you. Thank you very much. Yeah, thank you. Mr. Kramer, you can have two minutes. Maybe you well, since it's on your side, would you please do me the favor of I can't find the pages right now. They they're in the forum, and I thought it was in the context of the 404 be proceeding. Where did the judge misstate the matter in your view with respect to the obstruction. And where did defendants say something to suggest you got it wrong, Your Honor. So it paid 59 of judge of the district court's opinion. It says Hicks engaged in obstructive conduct to withhold information from the grand jury that was for him for murder. That's what I remembered. All right. What I would like to point you to his page appendix page 282 where the government. This is from the government to judge green saying what the obstruction of justice was for Mr. Hicks was he bribed Mr. Hicks, I believe he said means Mr. Jackson. He bribed not to give information to the grand jury in the form of money in the crack. They don't say a word about murder there, which clearly they would have if about Mr. Hicks being involved in murder. That's Mr. Kramer. Is this that is this a direct response to the question of whether the grand jury was investigating him for murder. I understand the government's position to be okay obstruction count may be different. Okay, district court may ultimately have made a decision that Hicks wasn't involved. But the only question here is was the grand jury investigating him for murder. And do we know one way or the other about that. It was this was the defense lawyer had given a talk about how Mr. Hicks was not involved in any murders or violence. I'm not involved. But what about whether he was being investigated that I understood was the government's question. Right. And I there was the defense lawyer said it had nothing to do with Mr. Hicks being involved in any murder. And this was the response to that by the government that the bribery on page 282. I just want to say two more things. The mitigation here is is extremely powerful. And all in the Supreme Court has said in pepper that a defendant has a right to have post sent rehabilitation considered when there's a resentencing procedure. No indication the judge considered any of the mitigating circumstances, and that her decision on how the jury found facts were irrelevant. It was the judge found facts that would drive the guidelines range in the statutory range, seemingly colored her view of the discretionary phase. And then I just want to say one last thing. It's extremely important, especially in this case to be certain, because under the first step back, the defendant only gets one shot at it. They are precluded from filing a second first step back motion. They're precluded from any relief by Section C, which says if a previous motion was made and denied after a complete review of the motion on the merits. I guess our argument is that this wasn't a complete review. But in any event, it's extremely important because they will they can have another chance to file another first step back motion the way it's currently written. Thank you very much. We would ask you to pay further consideration. Thank you. Mr. Kramer, Ms. Gabriel, thank you both. The case is submitted.
judges: Tatel, Garland, Edwards